RAMÓN RIVERA MOJICA, Petitioner and Appellee, v. SIXTO M. SALDAÑA, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellant. VICENTE ADAMES SERRANO, Petitioner and Appellee, v. SAME, Respondent and Appellant. JUAN MORALES FELICIANO, Petitioner and Appellee, v. SAME, Respondent and Appellant. ANTONIO BELTRÁN BENÍTEZ, Petitioner and Appellee, v. BALBINO GONZÁLEZ, WARDEN OF THE JAIL, Respondent and Appellant.

*Nos. 8768, 8782, 8783, 8792. Argued July 21, 1943.—Decided July 31, 1943.*

R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellant.
The appellees appeared in person.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Section 1 of the Act to compute, as part of prisoners' sentences, the time spent in custody while awaiting trial, approved March 14, 1907 (Comp. Stat. 1911, §6362) provides as follows:

"Section 1. Whenever a person is accused of any offenses and is placed under bond awaiting trial, but by reason of poverty is unable to secure bondsmen and is therefore held in custody while awaiting trial, and is thereafter sentenced to a term of imprisonment, such term of imprisonment shall be reduced by the time already spent in custody from the time of arrest to the time when final sentence is rendered."

Relying on the allegation that according to the statutory provisions above cited, they were entitled to be credited with the time of imprisonment while awaiting trial, the appellees in these four appeals have filed several petitions for mandamus in the District Court of San Juan seeking, the first three, that the Warden of the Insular Penitentiary, and the fourth, that the Warden of the District Jail of San Juan, be ordered to liquidate the sentences imposed on them by different district courts in such a manner that the time spent in custody be credited to them in each and every one of those sentences. The lower court granted the petitions and the *Fiscal* has appealed.

Although these appeals were prosecuted separately, the question involved is the same in all of them, except case No. 8782 of Vicente Adames Serrano, which deals with an additional matter and, therefore, we shall decide them jointly in one opinion.

█ The facts, as to each one of the appellees, and the proceeding followed by the lower court in applying the law to those facts, have been outlined by the *Fiscal* of this court in his brief in the following manner:

"8768. *Ramón Rivera Mojica.* (3 months 10 days in prison while awaiting trial). On August 5, 1942, he was sentenced by the District Court of Bayamón to serve consecutively one year imprisonment for each one of two crimes of burglary in the first degree. At the time of his admission to the penitentiary he had spent three months and 10 days in the District Jail of San Juan while awaiting trial.

"The district court decided that the petitioner was entitled to a deduction of the period spent in prison while awaiting trial (3

months 10 days) for each one of the consecutive sentences imposed on him, making a total of 6 months and 20 days instead of the 3 months 10 days which he actually spent in jail while awaiting trial.

"8782. *Vicente Adames Serrano.* (1 year before being sentenced and 4 months 10 days after being sentenced, until confinement in the penitentiary.)

"He was confined in the District Jail of Arecibo on September 28, 1941, on three writs of imprisonment for three offenses of burglary in the first degree.

"On September 29, 1942, he was sentenced for the three offenses to 3 years for one, 3 years for another, and 1 year for the other.

"On October 28, 1942, he appealed, and remained in custody until February 11, 1943.

"The lower court held that petitioner should be credited with the whole period spent in jail before his admission to the penitentiary (1 year 4 months 10 days), for each one of the sentences imposed on him, the deduction then being 4 years and 1 month instead of 1 year, which was the time that he actually spent in prison before being sentenced by the district court.

"8787. *Juan Morales Feliciano.* On July 3, 1943 (*sic*), he was confined in the 'District Jail of Mayagüez for three offenses of burglary in the first degree.

"On September 4, 1942, he was sentenced to one year in the penitentiary for each of two of said offenses and he began to serve them on that same day (consecutive sentences).

"On November 5, 1942 he was sentenced to one year in the penitentiary for the third offense.

"In the district jail, prior to his conviction for the first two offenses, he was held in custody for 2 months one day, which was deducted by the Warden of the Penitentiary from the first sentence of the two consecutive sentences imposed on September 4.

"The lower court decided that said term of 2 months and 1 day should also be deducted from the second consecutive sentence and from the third sentence (concurrent in part with the first two sentences) thus being credited with the term of 6 months 3 days instead of the 2 months and 1 day which he really spent in custodoy.

"8792. *Antonio Beltrán Benítez.* He was sentenced on October 16, 1942, to 2 months in jail for carrying weapons and he did not appeal, the said sentence expiring on December 3, 1942.

"On March 3, 1943, he was sentenced in a trial *de novo*, by the District Court of San Juan, to serve terms of 6 months in jail

for each of the two offenses of aggravated assault and battery and 3 months in jail for breach of the peace.

"The lower court decided that the term of 4 months from December 3, 1942 (when he served his sentence for carrying weapons imposed on him on October 16 of that year) until March 3, 1943, when he was finally sentenced by the district court, was spent in custody awaiting trial and that it should be deducted from each one of the 3 sentences imposed on the defendant. Thus he was credited with 12 months instead of the 4 months actually spent in custody."

In brief, the lower court decided that the terms spent in custody while awaiting trial by each one of the appellees should be credited on each one of the sentences imposed, because an order of imprisonment was issued in each one of the cases. It also ordered, in the case of Vicente Adames Serrano, that there should be credited, on each one of the sentences, as part of the time spent in custody while awaiting trial, the time that said appellee had been in jail during the pendency of the appeal from the district court to the Supreme Court.

The *Fiscal* of this court contends that the lower court erred in construing the Act of 1907 *supra,* and in our opinion he is correct.

The lower court construed §1 of the Act of 1907 *supra,* to the effect that the time spent in custody by a defendant while several accusations pending against him were finally decided, should be credited concurrently on all the consecutive sentences that the court might impose. This construction is not supported by the letter of the law and much less by its spirit. The example set up by the *Fiscal* makes this clear when he says:

". . . if a defendant spends one year in custody awaiting trial on 5 offenses and is finally sentenced in the 5 causes to 1 year in the penitentiary for each, and said sentences are ordered to be served consecutively, according to the theory of the lower court, the 5 consecutive sentences of 1 year each would be simultaneously served by the term of one year only which defendant spent in custody awaiting trial. In other words, without the sentences being concur-

rent, which in our opinion is the only means of serving the 5 years imposed by the 5 sentences which we mentioned with only 1 year in custody awaiting trial, said 5 years corresponding to the aforesaid 5 consecutive sentences would be served by spending only 1 year in custody. . . .''

In the recent case of *Cecilio Echeandía Font* v. *Sixto M. Saldaña,* decided on April 27, 1943 (61 P.R.R. 771), the petitioner contended, among other things, that he should be credited upon both concurrent sentences, because of his good conduct with the term provided by §1 of the Act of March 14, 1907, and we merely stated ''Petitioner's contention to the effect that he should be credited, because of his good conduct, upon both sentences, that is, the ten-year sentence and the reduced one, is so absurd that we deem it unnecessary to discuss the matter.''

Appellees' contention herein seems to us just as absurd. To accept the same would be equivalent to holding that the term credited to a defendant for the time spent in custody while awaiting trial could be extended or shortened according to the number of cases pending against him and for which he had been arrested and had furnished no bond. This could not have been the intention of the Legislature. The time spent in custody awaiting trial may and should be credited on the term of the first sentence which each one of the appellees began to serve, but not on the others.

As to the other question raised in case No. 8782 by Vicente Adames Serrano, that is, whether the time elapsed while review was pending before this court, should be computed as part of the time spent in custody while awaiting trial, depends, in our judgment, on the construction given to the phrase ''final sentence'' used in the Act of 1907 when it provides: ''shall be reduced by the time already spent in custody from the time of arrest to the time when *final sentence is rendered.''* (Italics ours.)

Final judgment of conviction is that judgment from which a defendant may appeal to this court, according to subdivi-

sion 1 of §347 of the Code of Criminal Procedure. In *Noel v. State,* 188 P. 688, 690, a sentence in a criminal case was defined thus:

"The sentence is the final determination of the trial court in a criminal cause, and is the order of the court, made in the presence of the defendant and his counsel, pronouncing the judgment and ordering the same to be carried into execution in the manner prescribed by law."

See also 38 Words and Phrases 597 *et seq.*

Therefore, we have no doubt that the final sentence to which §1 of the Act of 1907 refers is that sentence pronounced by the District Court, and not the one that may be pronounced by this court on appeal. Other clauses of this Section reveal that the intention of the Legislature was to limit the scope of the credit until said sentence be imposed. The law provides that when a defendant has not furnished bond "and is therefore held in custody *while awaiting trial, . . .* " (Italics ours.) Another proof of the legislative intent is found in the title of the Act which expressly states: "An Act to compute as part of the sentence of prisoners the period spent in custody awaiting trial," that is, the same language used in the text of the statute. The trial takes place in the district court and it is said court that must render final sentence. If the prisoner appeals to this court the execution of the judgment is stayed (§4 of the Act of March 12, 1903, Code of Criminal Procedure, p. 248). However, since the Legislature did not expressly include in the Act the time which elapses during the pendency of the appeal as part of the credit for the time spent in custody while awaiting trial, said term should not be deducted from the sentence when the latter is affirmed. The prevailing rule in the United States is that, unless otherwise directed by statute, the time which elapses pending a review will not be deducted from the sentence and the term shall be computed from the issuance of the mandate of the appellate court. 24 C.J.S., Criminal Law, §1995, *b* and *d* (3), pp. 1226, 1227.

The judgments appealed from should be reversed and others rendered instead denying the petitions for mandamus.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.